IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS MAY,

    Plaintiff,

v.                                                  Civ. No. 13-1021 GBW/KK

MATTHEW COCKMAN *et al.*,

    Defendants.

## ORDER GRANTING IN PART DEFENDANTS' EXPEDITED MOTION FOR EXTENSION OF DISCOVERY AND RELATED DEADLINES

THIS MATTER comes before the Court on Defendants' Expedited Motion for Extension of Discovery and Related Deadlines (Doc. 58), filed August 7, 2015. The Court, having reviewed the parties' submissions and being otherwise fully advised, FINDS that the motion is well-taken in part and should be GRANTED IN PART and DENIED IN PART.

According to Federal Rule of Civil Procedure 16, a district court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[A]pplication of the 'good cause' standard preserves the integrity and effectiveness of Rule 16(b) scheduling orders." *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004).

> In an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation. Rule 16 provides the district courts with many of the devices necessary to manage its docket. For Rule 16(b) to operate effectively, litigants cannot be permitted to treat a scheduling order as a frivolous piece of paper idly entered, which can be cavalierly disregarded without peril.

*Id.* (citations omitted); *Widhelm v. Wal-Mart Stores, Inc.*, 162 F.R.D. 591, 593 (D. Neb. 1995) ("Adherence to reasonable deadlines is . . . critical to maintaining integrity in court proceedings.").

Generally, "'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Mann v. Fernandez*, 615 F. Supp. 2d 1277, 1285 (D.N.M. 2009); *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Mann*, 615 F. Supp. 2d at 1285.

> Without attempting a rigid or all-encompassing definition of good cause, it would appear to require at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required.

*Broitman v. Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) (citations and emphasis omitted).

In addition to a party's diligence, courts have considered a number of other factors in determining whether there is good cause to modify case management deadlines. *Mann*, 615 F. Supp. 2d at 1286. These factors include whether trial is imminent, whether the requested modification is opposed, whether the non-moving party would be prejudiced, and the explanation for the party's failure to meet the original deadline. *Id.* Whether the requested modification will interfere with effective case management or infringe on the efficient adjudication of the case is also a factor of considerable significance. *C.F. v. Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d 1190, 1197 (C.D. Cal. 2009).

In the present matter, Defendants ask the Court to extend the court-ordered discovery, discovery motions, and pretrial motions deadlines by about two months. (Doc. 58 at 1-2.) However, the Court finds that there is good cause to extend these deadlines by one month only. As an initial matter, Defendants have failed to show that they have made sufficiently diligent efforts to comply with current case management deadlines to justify the two-month extension they seek. The docket and the parties' submissions indicate that, near the close of a 173-day

discovery period, the parties have exchanged initial disclosures and one set each of written discovery requests, and Defendants have deposed Plaintiff.  Defendants do explain why their counsel cannot take an additional three to five depositions during the first two weeks of September 2015, but not, critically, why Defendants were unable to do so in late July or August 2015, or even earlier.[1]  While Defendants may not have treated this Court's scheduling order as "a frivolous piece of paper idly entered," *O'Connell*, 357 F.3d at 155, they seem to have taken a casual approach to it, and have not shown that "scheduling deadlines [could not have been] met despite [their] diligent efforts."  *Mann*, 615 F. Supp. 2d at 1285.  Thus, the Court finds that the two-month extension Defendants seek is unwarranted.

Nevertheless, the Court will in its discretion find good cause to extend the case management deadlines at issue by one month.  The Court weighs a number of factors in addition to Defendants' diligence in making this determination.  *Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d at 1197; *Mann*, 615 F. Supp. 2d at 1286.  Most significantly, extending case management deadlines by one month will not interfere with effective case management or infringe on the efficient adjudication of this case.  Trial has not yet been scheduled, and Defendants have filed two dispositive motions that are currently pending.  In these circumstances, a one-month extension of the discovery, discovery motions, and pretrial motions deadlines is unlikely to delay the case's ultimate resolution.

In addition, although Plaintiff opposes the requested extension, and asserts that it will cause him prejudice, the Court finds that this is unlikely.  According to Plaintiff, the extension will cause him prejudice because further delays in the resolution of this case will negatively impact his ability to secure employment.  (Doc. 66 at 5-6.)  However, as noted immediately

---

[1] Defendants state that they learned of the need to take the additional depositions in question at Plaintiff's deposition on July 14, 2015.  (Doc. 58 at 2.)  However, they do not indicate whether they could have either deposed Plaintiff, or learned of the need to take the additional depositions some other way, at an earlier time.

3

above, the one-month extension the Court is willing to grant is unlikely to delay this case's resolution, and thus unlikely to prejudice Plaintiff in the manner he fears.

Finally, Defendants' explanation for their inability to meet current deadlines, while it does not justify the two-month extension they seek, does describe an unlucky concentration of depositions and trial in defense counsel's other cases right before the current close of discovery in this case. The one-month extension the Court contemplates will amply address this temporary difficulty without disrupting the forward progress of the case. For all of the above reasons, the Court will extend the current deadlines for discovery, discovery motions, pretrial motions, and the proposed pretrial order by one month.

IT IS THEREFORE ORDERED that Defendants' Expedited Motion for Extension of Discovery and Related Deadlines (Doc. 58) is GRANTED IN PART and DENIED IN PART. The Court will extend case management deadlines as follows:

1. Discovery to be completed by October 14, 2015;

2. Discovery motions to be filed by November 5, 2015;

3. Pretrial motions to be filed by November 13, 2015;

4. Proposed pretrial order due from Plaintiff to Defendants by December 30, 2015; and,

5. Proposed pretrial order due from Defendants to the Court by January 14, 2016.

All other provisions of the Court's March 23, 2015 Order Setting Pretrial Deadlines and Briefing Schedule (Doc. 44) will remain in full force and effect.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE