IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS MAY,

    Plaintiff,

v.                                         Case No. 1:13-cv-1021-GBW-KK

MATTHEW COCKMAN, *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Partial Dismissal (*doc. 7*), Plaintiff's Response and Notice and Request for Leave to Amend Complaint (*doc. 13*), Plaintiff's Motion for Partial Default Judgment (*doc. 16*), and the accompanying briefing on these matters (*docs 21, 24, 37*). Having reviewed the briefing and being fully advised, the Court will deny the Motion for Default Judgment, grant the Motion for Partial Dismissal in part, and deny the request for leave to amend.

I.     PROCEDURAL POSTURE

Plaintiff Thomas May, an attorney who is proceeding *pro se*, is a former public defender with the Aztec Public Defender's Office. Doc. 3-1 at 6.[1] He is suing his former employer and various officials for alleged discriminatory and retaliatory treatment. *See*

---

[1] Docket No. 3-1 is Plaintiff's Complaint, Docket No. 3-2 contains the exhibits to Plaintiff's Complaint, and Docket No. 3-3 contains miscellaneous state court filings. For ease of reference, the Court will cite to these filings using their respective docket numbers and the attendant .pdf page number.

1

*generally doc. 3-1*.  Plaintiff's Complaint raises various state tort and contract claims, as well as claims for alleged violations of his state and federal constitutional and civil rights.  *Id.*

Plaintiff initiated suit in state court on October 1, 2013.  *Doc. 3* at 1.  Defendants removed the case on October 23, 2013.  *Id.* at 2.  Less than a week later, on October 29, 2013, Defendants moved to dismiss Plaintiff's state and federal discrimination claims (Counts I, V, and VII) and his breach of contract and related claims (Counts XIV and XV) for failure to exhaust the available administrative remedies.  *Doc. 7*.  In his response to the motion, Plaintiff requested leave to amend the Complaint.  *Doc. 13*.  Defendants replied on November 5, 2013, and, on October 28, 2014, filed a notice of supplemental authority in support of their motion.  *Docs. 24, 37*.

Plaintiff has also moved for partial default judgment, asserting that Defendants did not timely file an answer to his complaint.  *Doc. 16*.  Defendants' response to the motion for partial default judgment (*doc. 21*) notes that they filed an answer to the complaint on October 30, 2013, which is seven days after the case was removed on October 23, 2013.  *Docs. 3, 9*.  No reply was filed.

II.   **MOTION FOR DEFAULT JUDGMENT**

At the outset, Plaintiff's motion for partial default judgment is without merit because Defendants answered the complaint within seven days of removal.  Fed. R. Civ. P. 81(c)(2) (requiring defendant who did not answer pre-removal to answer within the

2

longest of three time periods, one of which is "7 days after the notice of removal is filed"). As such, the Court need not reach the question of whether a motion to dismiss less than all of the claims suspends the time to answer the entire complaint, though the weight of authority favors the latter approach. *See* 5B Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1346 (3d ed. 2015) (collecting cases); *see also Hasse v. Am. Photograph Corp.*, 299 F.2d 666, 668 (10th Cir. 1962) ("[T]he general purposes of Rules 12 and 13, F.R.Civ.P., [are] to avoid piecemeal pleading and adjudication").

### III. MOTION TO DISMISS

Defendants assert that Plaintiff's federal and state discrimination claims and breach of contract claims should be dismissed for failure to exhaust administrative remedies. *Doc. 7*. Plaintiff responds that such remedies would have been inadequate and that he was exempted from the requirement to pursue them. *Doc. 13*. The Court therefore limits its review of Plaintiff's Complaint to allegations related to exhaustion. Ultimately, the Court concludes that Plaintiff failed to exhaust his administrative remedies and that he was not exempted from doing so.

#### A. Factual Background

On or around September 15, 2012, Plaintiff was "designated" for employment with the New Mexico Public Defender Department ("NMPDD") by then District Defender Christian Hatfield. *Doc. 3-1* at 9-10. When he started the position on October 15, 2012, Defendant Stephen Taylor had replaced Hatfield as the acting District

Defender. *Id.* at 7. Approximately two weeks after Plaintiff started, Defendant Taylor, "after assigning a considerable caseload to Plaintiff, gave Plaintiff implied and oral assurances of unlimited long term employment in exchange for Plaintiff's performance of additional consideration in the form of greatly extended working hours." *Id.* at 29. Plaintiff alleges that the combination of this oral assurance and the extended hours "added a supplementary implied contractual term to Plaintiff's employment agreement with NMPDD. Plaintiff relied upon these representations and reasonably believed that his at-will employment status had been modified." *Id.*

On or around November 14, 2012, Defendant Cockman assumed the position of District Defender. *Id.* Plaintiff alleges a series of workplace misconduct that occurred after Defendant Cockman took office, which "alarmed" Plaintiff that "the work environment had descended into a toxic cesspool . . . ." *Doc. 3-1*, at 12. Plaintiff avers that he "vocally opposed unlawful employment practices and advised, assisted, and participated in the filing of two Aztec Public Defender Office employee complaints involving gender and/or racial discrimination." *Doc. 3-1* at 5-6. On July 11, 2013, for example, after previously advising a paralegal to contact the Equal Employment Opportunity Commission (EEOC) regarding racial and gender discrimination, Plaintiff assisted the paralegal in filing an intake questionnaire with the EEOC. *Doc. 301* at 9.

On August 20, 2013, Plaintiff was terminated. *Id.* at 11. The dismissal letter received by Plaintiff, which was attached to his complaint, informed Plaintiff that he

4

was being terminated "[i]n accordance with 1.7.11.11 NMAC Probationers and Employees in Emergency or Temporary Status." *Doc. 3-2* at 26 (emphasis omitted). The letter informed Plaintiff that the decision was "not appealable to the State Personnel Board." *Id.*

### B. Contractual Claims

#### 1. Legal Standard

Under Rule 12(b)(6), the court should accept only the well-pleaded factual allegations as true, viewing them in the light most favorable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Casanova*, 595 F.3d at 1125. "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Thus, the court need only accept allegations "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Following these principles, the court considers whether the facts "plausibly give rise to an entitlement to relief." *Barrett v. Orman*, 373 F. App'x 823, 825 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677-78).[2]

---

[2] Defendants argue that the breach of contract and good faith and fair dealing claims should be dismissed for failure to exhaust administrative remedies under the State Personnel Act. Unlike the Title VII and New Mexico Human Rights Acts claims, which clearly raise jurisdictional questions addressed under Rule 12(b)(1), whether Rule 12(b)(1) or 12(b)(6) applies to exhaustion under the State Personnel Act is less clear. *See Eoff v. New Mexico Corrs. Dept.*, Nos. CIV 10–0598 JB/RHS, 2010 WL 5477679, *24 (D.N.M. Dec. 20, 2010) (J. Browning) (granting motion to dismiss for failure to exhaust under State Personnel Act under both 12(b)(1) and 12(b)(6)). Defendants apply Rule 12(b)(6) and Plaintiff does not address the matter. Because the Court does not believe applying one over the other will affect the outcome and the parties have not asserted to the contrary, the Court will apply Rule 12(b)(6).

*2. Analysis*

Plaintiff's Complaint raises both breach of contract and breach of good faith and fair dealing claims. Plaintiff alleges that he was "designated" for employment, began working at NMPDD, and received compensation in return. *Doc. 3-1*, 9-10. Thus, the requirements of a valid contract – offer, acceptance, and consideration – were met. *Heye v. Am. Golf Corp., Inc.*, 80 P.3d 495, 499 (N.M. Ct. App. 2003) (citations omitted). Plaintiff concedes that he was a probationary, or at-will, employee when he started working for the NMPDD. *Doc. 3-1* at 32 (asserting his "at-will employment status had been modified" a few weeks after he started); *doc. 13* at 4 ("Defendants' motion for partial dismissal correctly states that Plaintiff was a 'probationary public defender with [NMPDD]' . . . ."). However, he asserts that, a few weeks after his start date, his at-will status was modified by a "supplementary implied contractual term . . . ." *Doc. 3-1* at 32.

Defendants argue that, even assuming Plaintiff's contract was modified to include long term employment, Plaintiff's contractual claims fail nonetheless because he did not exhaust his administrative remedies as required by New Mexico's Personnel Act ("State Personnel Act" or "Act"), N.M. Stat. Ann. §§ 10-9-1 – 10-9-25 (1978). The Act and the regulations promulgated pursuant to the Act set forth the grounds on which an employee may be dismissed, establish the ability of an employee to appeal a dismissal, and set forth procedures for doing so. N.M. Stat. Ann. § 10-19-18; N.M. Admin. Code § 1.7.11. The New Mexico Court of Appeals has held "that a discharged state employee

whose employment is governed by the State Personnel Act cannot bring a breach of contract action for wrongful termination in district court because the Act provides the exclusive remedy. *Whittington v. State Dept. of Pub. Saftey*, 100 P.3d 209, 216 (N.M. Ct. App. 2004) (citing *Barreras v. State of New Mexico Corr. Dep't*, 62 P.3d 770, 772 (N.M. Ct. App. 2002)).

Plaintiff does not argue that he was not subject to the strictures of the State Personnel Act. Instead, he argues that "there were no administrative remedies to exhaust" because he was terminated without notice and a hearing. *Doc. 13* at 4. Plaintiff points to his termination letter, which stated that "[t]his termination decision is not appealable to the State Personnel Board." *Id.* However, Plaintiff was terminated in this manner because it was NMPDD's position that he was still an at-will employee. *Doc. 3-2* at 26 (the termination letter stated Plaintiff was being terminated under 1.7.11.11 NMAC Probationers and Employees in Emergency or Temporary Status, which applies to individuals who may be "dismissed effective immediately with written notice and without right of appeal to the board"). If, as Plaintiff now asserts, an implied contract existed between him and NMPDD that modified his at-will employment status, the State Personnel Act and its regulatory regime would govern claims related to any breach of that agreement and the Act would require that he pursue administrative remedies before filing in Court. *Barreras*, 62 P.3d at 772 (affirming dismissal of breach of implied contract for failure to exhaust administrative

7

remedies under the State Personnel Act). To hold that an individual may circumvent the dictates of the State Personnel Act would not only be contrary to the Act's language,[3] but its purpose as well.[4] Thus, Plaintiff's claim that he should be excused from the strictures of the State Personnel Act because Defendants treated him as an at-will employee is unavailing.

One way or another, Plaintiff's contractual claims fail. If he was simply a probationary or at-will employee, then his termination did not violate the contract. If the conduct of his employer created an implied contract, it would be one governed by the State Personnel Act. Thus, Plaintiff would be required to exhaust the administrative remedies. He failed to do so, and has not established that he should be excused from such requirements. His breach of contract claim therefore fails as a matter of law. Furthermore, because "[a] claim for breach of the implied covenant of good faith and fair dealing is not an independent cause of action, distinct from the alleged implied employment contract that the State Personnel Act created," this claim fails as well. *Eoff v. New Mexico Corrs. Dept.*, Nos. CIV 10–0598 JB/RHS, 2010 WL 5477679, *24 (D.N.M. Dec. 20, 2010).

---

[3] *See* N.M. Stat. Ann. § 10-9-4 ("The Personnel Act and the service cover all state positions," unless exempted)[3]; § 10-9-3(D) ("As used in the Personnel Act . . . 'position' means any state office, job, or position of employment")

[4] N.M. Stat. Ann. § 10-9-2 (1963) ("The purpose of the Personnel Act is to establish . . . a system of personnel administration based solely on qualification and ability, which will provide greater economy and efficiency in the management of state affairs.")

### C. Civil Rights Claims

*1. Legal Standard*

Under both Title VII and the NMHRA, exhaustion is a jurisdictional prerequisite to suit. *Jones v. U.P.S., Inc.,* 502 F.3d 1176, 1183 (10th Cir. 2007) (internal citations omitted); *Rist v. Design Center at Floor Concepts*, 314 P.3d 681, 686 (N.M. Ct. App. 2013) ("Our Supreme Court has stated that failure to exhaust administrative remedies deprives a district court of subject matter jurisdiction"). As such, a motion to dismiss for failure to exhaust is addressed under a Rule 12(b)(1) standard rather than a Rule 12(b)(6) standard. Fed. R. Civ. P. 12(b)(1). Motions under 12(b)(1) "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citations omitted). The Court understands Defendants to be mounting a facial attack because they assert that Plaintiff's Complaint does not identify any administrative steps taken by him to exhaust his claims with the Equal Employment Opportunity Commission (EEOC) or the New Mexico Human Rights Division (NMHRD).[5] Because the Court is addressing the County Defendants' 12(b)(1) argument as a facial attack, the

---

[5] Based upon failure to exhaust, Defendants seek dismissal of Counts I, V, and VII. Count I is a common law claim for retaliatory discharge based on the public policies identified in the NMHRA. The New Mexico Supreme Court has held that such an action may proceed notwithstanding the failure to exhaust the statutory NMHRA claim. *Gandy v. Wal-mart Stores, Inc.*, 872 P.2d 859 (N.M. 1994). As such, exhaustion does not provide a basis for dismissal of Count I.

Court "presume[s] all of the allegations contained in the amended complaint to be true." *Ruiz*, 299 F.3d at 1180.

### 2. Analysis

Plaintiff does not argue that he took any administrative action with either the EEOC or the NMHRD. However, Plaintiff relies on *McGrath v. Weinberger*, 541 F.2d 249, 251-52 (10th Cir. 1976), to assert that he falls within an exception to the rule for "'cases involving the presence of constitutional questions, coupled with a showing of inadequacy of the prescribed administrative relief against the background of threatened or impending irreparable injury flowing from the delay incident to pursuit of the available administrative processes.'" *Doc. 13* at 3. Plaintiff argues that his case involves constitutional questions, that his reputation and the public have been irreparably harmed by "a state public defender's office whose management staff is infected with inclinations for gender/racial discrimination," and that administrative remedies "clearly are futile to remedy the above-noted ongoing harms." *Id.* at 3-4. *McGrath*, however, is easily distinguished because it challenged the Social Security Administration's administrative procedures themselves as violating the plaintiff's due process rights. The *McGrath* court reasoned that requiring the plaintiff to exhaust the procedures he was challenging would not aid the Court in its decision on the constitutional question. 541 F.2d at 252-53. The same cannot be said for Plaintiff's claims, which do not challenge the constitutionality of the administrative procedures under Title VII or the

10

NMHRA.  While Plaintiff's Complaint does bring constitutional claims unrelated to the available administrative procedures, the existence of such claims does not excuse Plaintiff from pursuing available administrative remedies for non-constitutional claims under Title VII and the NMHRA.

Consequently, Plaintiff's assertion that he should be excused from the requirement to exhaust available administrative remedies falls short.  Having failed to pursue those remedies, Plaintiff's claims under Title VII and the NMRA must be dismissed pursuant to Rule 12(b)(1) for lack of jurisdiction.  *Shikles v. Sprint/United Management Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) ("It is well-established that Title VII requires a plaintiff to exhaust his administrative remedies before filing suit."); *Sonntag v. Shaw*, 22 P.3d 1188, 1193 ("Under the NMHRA, a plaintiff must exhaust his or her administrative remedies against a party before bringing an action in district court against that party.").

## IV.     REQUEST FOR LEAVE TO AMEND

Plaintiff's request for leave to amend is governed by Rule 15(a)(2).  Under that rule, leave is to be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The "decision to grant leave to amend a complaint . . . is within the trial court's discretion," *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994), and "[a] court properly may deny a motion for leave to amend as futile when the proposed

amended complaint would be subject to dismissal for any reason." *Bauchman for Bauchman v. W. High School*, 132 F.3d 542, 562 (10th Cir. 1997).

Plaintiff requests leave to amend to plead facts establishing that he was exempted from the exhaustion requirements of Title VII, the NMHRA, and the State Personnel Act. The additional facts that Plaintiff seeks to add are designed to support his arguments that he was exempted from pursuing administrative remedies. *See doc. 13* at 5. Having reviewed the facts he proposes to add, they do not change the Court's conclusion that he has failed to establish exemption. As such, granting leave to amend would be futile and the Court will deny his request.

## V. CONCLUSION

Plaintiff was required to exhaust his administrative remedies before bringing suit under Title VII, the NMHRA, and the State Personnel Act. He failed to exhaust his claims with the respective state and federal agencies and has not demonstrated that he should be excused from the requirement to do so. The allegations that Plaintiff seeks leave to add to his complaint are futile because they would not establish that he was exempted from the requirement to exhaust his claims. Finally, Defendants timely answered Plaintiff's complaint after the case was removed so Plaintiff's Motion for Partial Default Judgment is without merit.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Default Judgment (*doc. 16*) and request for leave to amend (*doc. 13*) are DENIED. Defendants' Motion for

Partial Dismissal (*doc. 7*) is GRANTED in part[6] and Plaintiff's retaliation claims under the NMHRA (Count V) and Title VII (Count VII) and his contractual claims (Counts XIV and XV) are hereby dismissed without prejudice.

                                                                  GREGORY B. WORMUTH
                                                                   United States Magistrate Judge
                                                                        **Presiding by Consent**

---

[6] Defendants also sought dismissal of Count I which is not granted. *See supra* at 9, n.5.